O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SA CV08-0974 DOC (ANx)                                    Date: October 27, 2008

Title: IRVINE PHARMACEUTICAL SERVICES, INC. V. BARBARA ARNOLD, ET AL

___

DOCKET ENTRY
         [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                    Date:_____  Deputy Clerk: _____
___

PRESENT:

                    THE HONORABLE DAVID O. CARTER, JUDGE

       Kristee Hopkins                                    Not Present
       Courtroom Clerk                                   Court Reporter

       ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

              NONE PRESENT                                NONE PRESENT

___

PROCEEDING (IN CHAMBERS): DENYING MOTION FOR REMAND

        Before the Court is the Motion of Plaintiff Irvine Pharmaceutical Services, Inc. ("Plaintiff") to Remand to Superior Court pursuant to 28 U.S.C. §1447. After considering the moving, opposing, and replying papers, the Court hereby DENIES Plaintiff's Motion.

## I. BACKGROUND

        Plaintiff Irvine Pharmaceuticals, Inc. ("Plaintiff") is a testing facility for pharmaceutical, biotechnology and medical device companies. Defendant is a former employee of Plaintiff. Upon assuming employment with Plaintiff, Defendant signed a trade secret and confidentiality agreement, as well as the Trade Secret and Confidentiality Information Agreement (collectively, the "Agreement"). As a condition of Defendant's employment, Defendant was to comply with the Agreement as well as the company employee handbook, both of which were signed by Defendant. Plaintiff alleges that in April 2006, Defendant began a repeated practice of violating the Agreement by disclosing Plaintiff's

confidential documents and trade secrets to others.  In response, Plaintiff brought the current suit, claiming breach of contract, breach of implied covenant of good faith and fair dealing, misappropriation of trade secret, conversion, unfair competition and business practice, and injunction in the Superior Court of California, County of Orange.  Plaintiff seeks general and compensatory damages, exemplary and punitive damages, a temporary restraining order, a preliminary injunction, a permanent injunction, the value of the property converted plus the interest thereon, and costs.

This case was transferred to this Court on September 8, 2008.  In the instant motion (the "Motion"), Plaintiff requests that this case be remanded to the Superior Court of California, County of Orange.

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure.  28 U.S.C. § 1447(c).  Removal of state actions is allowed only if the plaintiff could have originally filed the action in federal court.  *See* 28 U.S.C. § 1441.  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Removal is proper where "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441.  Whether jurisdiction is absent due to a forum selection clause, as Defendants claim, is of no import.  A case that was improperly removed must be remanded to state court. *Strasser v. KLM Royal Dutch Airlines*, 631 F. Supp. 1254, 1258 (C.D. Cal. 1986)(where jurisdiction is lacking "the United States District Court [comes] under an immediate and continuing duty to remand the case . . ..").

### B. Validity of Forum Selection Clause

In cases where a litigant in federal court attempts to have a case dismissed based on a contractual provision requiring suit to be filed in state court, the forum selection clause should be upheld unless the party opposing its enforcement can show that the clause is unreasonable. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte,* (2008) 536 F. 3d 439.

A forum-selection clause might be unreasonable when, among other things, its inclusion is the product of overreaching or when its enforcement would contravene a strong public policy of the forum state.  *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte,* (2008) 536 F. 3d 439.

For purposes of determining whether a forum selection clause is valid, fundamental fairness is determined by three considerations: the absence of a bad-faith motive, the absence of fraud

or overreaching, and notice of the forum provision. *Laasko v. Xerox Corp.,* (2008) 566 F. Supp.2d 1018; *Dempsey v. Norwegian Cruise Line* (9th Cir. 1992), 972 F.2d 998, 999. A party trying to defeat a mandatory choice of forum clause bears a heavy burden. *Belfiore v. Summit Federal Credt Union* (2006), 452 F. Supp.2d 629.

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

Plaintiff argues that this court lacks subject matter jurisdiction because all claims are grounded in the common law of California. While this case does not present a federal question, this court has diversity jurisdiction under 28 U.S.C. § 1332, as this case arises between citizens of different states and involves more than $75,000. The Defendant is a Wisconsin citizen while Plaintiff is a California corporation with a principle place of business in California. Plaintiff has, additionally, claimed general and compensatory damages of $1,000,000. This court has not been presented with evidence indicating that this case should be remanded.

#### B. Forum Selection Clause

Plaintiff has been unable to establish that a forum selection clause exists within a document signed by Defendant. Plaintiff has presented two documents to the court. The first, an offer of employment signed by Defendant Barbara Arnold, makes no mention of forum selection. The second, a copy of an Employee Training Form signed by the Defendant, indicates only that the Defendant read and understood the Employee Handbook. Plaintiff alleged that a forum selection clause was contained within this handbook, but did not submit copies of the handbook itself.

Even assuming a forum selection clause exists within the handbook, it is not clear that the signature of Barbara Arnold, which indicates she read the handbook and understood it, amounts to a signature consenting to be bound by a clause contained within it. Because the Plaintiff has failed to establish that Defendant entered into a forum selection agreement, the request for remand to Orange County Superior Court must be denied.

### IV. OUTCOME

For the foregoing reasons, Plaintiff's motion is DENIED.

The Clerk shall serve this minute order on all parties to the action.