O/JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SA CV08-0974 DOC (ANx)                                                   Date: October 28, 2008

Title: IRVINE PHARMACEUTICAL SERVICES, INC. V. BARBARA ARNOLD, ET AL

---

DOCKET ENTRY
          [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                  Date:_____  Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Kristee Hopkins                                        Not Present
    Courtroom Clerk                                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                               NONE PRESENT

---

PROCEEDING (IN CHAMBERS): GRANTING MOTION FOR TRANSFER OF VENUE

          Before the Court is the Motion of Defendant Barbara Arnold ("Defendant") to Transfer Venue under 28 U.S.C. §§1441 and 1404. After considering the moving, opposing, and replying papers, the Court hereby GRANTS Defendant's Motion.

**I. BACKGROUND**

          Plaintiff Irvine Pharmaceuticals, Inc. ("Plaintiff") is a testing facility for pharmaceutical, biotechnology and medical device companies, based in Irvine, California. Defendant is a resident of Wisconsin and former employee of Plaintiff. Upon assuming employment with Plaintiff, Defendant flew to California where she signed a trade secret and confidentiality agreement, as well as the Trade Secret and Confidentiality Information Agreement (collectively, the "Agreement"). As a condition of Defendant's employment, Defendant was to comply with the Agreement as well as the company employee handbook, both of which were signed by Defendant. After signing these agreements,

Defendant returned immediately to Wisconsin where she carried out her employment duties.

Plaintiff alleges that in April 2006, Defendant began a repeated practice of violating the Agreement by disclosing Plaintiff's confidential documents and trade secrets to others. Plaintiff alleges, specifically, that Defendant disclosed Irvine Pharmaceuticals client lists, contact lists and pricing information. In response, Plaintiff brought the current suit, claiming breach of contract, breach of implied covenant of good faith and fair dealing, misappropriation of trade secret, conversion, unfair competition and business practice, and injunction in the Superior Court of California, County of Orange. Plaintiff seeks general and compensatory damages, exemplary and punitive damages, a temporary restraining order, a preliminary injunction, a permanent injunction, the value of the property converted plus the interest thereon, and costs. This case was transferred to this Court on September 8, 2008. In the instant motion (the "Motion"), Defendant requests that this case be transferred to the Western District of Wisconsin.

## II. LEGAL STANDARD

A district court may discretionarily transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In ruling on a motion to transfer pursuant to §1404(a), the Court must evaluate three elements: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice. *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998). Once the court determines that venue is proper, the movant must present strong grounds for transferring the action, otherwise, the plaintiff's choice of venue will not be disturbed. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

A plaintiff's choice of forum is accorded substantial weight in proceedings under 28 U.S.C. section 1404(a). *STX, Inc. v. Trik Stik, Inc.,* 708 F. Supp. 1551, 1555-56 (N.D. Cal. 1988) (citing *Shutte v. Armco Steel Corp.,* 431 F. 2d 22, 25 (3d Cir. 1970)); *see also* 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 3848 (2d ed. 1986)(citing voluminous case law attesting to proposition that "the balance of convenience must be strongly in favor of the moving party before a transfer will be ordered"). Thus, a transfer is not appropriate merely to shift the inconvenience from one party to another. *See Van Dusen v. Barrack*, 376 U.S. 612, 646, 84 S. Ct. 805, 824 (1964); *Plasco Inc. v. Auten*, No. CV C95-20146 SW, 1995 WL 354870, *6 (N.D. Cal. 1995). While there is a preference to retain the action in the district of plaintiff's choice, a defendant can overcome this by a strong showing that transfer will "prevent the waste of 'time, energy, and money' and 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Lung v. Yachts Int'l, Ltd.*, 980 F. Supp. 1362, 1369 (D. Haw. 1997)(quoting *Van Dusen*, 376 U.S. at 616, 84 S. Ct. at 809 [1964]). Section 1404(a) is essentially "a codification of the common law doctrine of forum non conveniens." *Id.* at 1370 (holding, however, that the district court's "discretion to transfer under §1404(a) is broader than its discretion to dismiss for forum non conveniens.").

## III. DISCUSSION

Defendant has presented several arguments in support of her motion to transfer this case to the Western District of Wisconsin.  First, Defendant has argued that Wisconsin is a more convenient forum for the material witnesses.  Defendant argues that the majority of material witnesses reside in either  Northbrook, Illinois, New Jersey, or Toronto, Ontario – all of which are closer to Wisconsin than to California.  Defendant has stated that several employees of her current employer, SGS, are based in Northbrook Illinois and will be called to testify.  Northbrook Illinois is approximately 90 minutes away from the District Court in Madison Wisconsin.  Second, Defendant argues that litigating in California places a disproportionate burden on the Defendant, a Wisconsin resident who is employing a Wisconsin attorney and paying for the expense of litigation personally.  The Defendant contends that Plaintiff is a corporation that is better situated to absorbs the costs of litigation in a foreign state.

Plaintiff has responded by arguing that a change in venue would constitute an unfair shifting of burden.   Plaintiff argues that Wisconsin is not the most convenient forum for witnesses, as all of the Plaintiff's witnesses, which outnumber Defendant's, live and work in Irvine, CA.  Additionally, Plaintiff argues that the costs of litigating in a foreign state would be less for the Defendant.  As several of Plaintiff's witnesses are employees of the Plaintiff corporation, Plaintiff would incur the additional expense of lost productivity for the time period that such employees would be hailed into a Wisconsin court.

As noted earlier, when determining whether or not a change of venue is proper, the *Gunther-Renker Fitness* test instructs the court to examine the convenience of the witnesses, the convenience of the parties, and the interest of justice.  *Gunther-Renker Fitness, supra* at 269.  Defendant has shown that these elements weigh substantially in favor of a change to Wisconsin.

### A. Convenience of the Witnesses and the Parties

In determining whether transfer is appropriate, relevant "convenience" factors include the following:

> "(1) the convenience of the parties, (2) the convenience of the witnesses – including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law."

*Wells Fargo Financial Leasing, Inc. v. Orlando Magic Ltd.*, 431 F.Supp.2d 955, 966  (S.D.Iowa 2006)(citing *Terra Int'l, Inc. v. Mississippi Chemical Corp,* 119 F.3d 688, 696 (8th Circ. 1997)).  Of these factors, it has been held that the convenience of the witnesses is the most important. *Sousa v. TD Banknorth Ins.,* 429 F.Supp.2d 454 (D.N.H. 2006)(quoting *Fairview Machine & Tool Co. v. Oakbrook*

*Int'l, Inc.,* 56 F.Supp.2d 134, 141 (D.Mass. 1999) and *Princess House, Inc. v. Lindsey,* 136 F.R.D. 16, 18 (D.Mass.1991)).

In balancing the convenience of the witnesses, the convenience of one key witness may outweigh the convenience of numerous less important witnesses. *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.Supp.1392 (S.D. Tex.1992).  Although the witnesses residing within California outnumber those residing elsewhere, the subject of the witnesses' testimony is central to the decision regarding whether or not to change venue.   Plaintiff has indicated that its California witnesses will deal, predominantly, with the hiring of Defendant and the terms of the Trade Secret Agreement.  The Defense has indicated that its witnesses will testify about the Defendant's disclosures to her new employer.  It is the testimony of the non-Californian witnesses, therefore, that will directly  address the question of whether or not the Defendant violated the Trade Secret agreement.   The court can expect that these witnesses, who  live closer to Wisconsin,  will spend a greater amount of time in court and constitute the focus of the case.

In *Continental Airlines,* the court gave less weight to the convenience of key witnesses who were employed by the moving party, stating that the party could compel the testimony of its employees at trial.  *Id.* at 1397.  In this case, the Plaintiffs witnesses are employees of the Plaintiff corporation, Irvine Pharmaceutical,  whom the Plaintiff can compel to testify, regardless of venue.  The Defendant, an individual, has no such power over her own witnesses.

Additionally, the accessibility of documents and the location of the conduct complained of weigh in favor of a transfer to Wisconsin.  The Defendant has maintained her residency in Wisconsin during the time of her employment with Plaintiff and up to the time of this suit.  The conduct that Plaintiff complains of, an alleged breach of the Trade Secret Agreement, necessarily would have occurred in or near Wisconsin.  Plaintiff alleges that Defendant disclosed Irvine Pharmaceuticals client lists and contact information to her current employer, SGS.  These disclosures would have been made to SGS employees, based primarily in Northbrook, Illinois, approximately 90 minutes away from the Wisconsin District Court.  Furthermore, although the agreements signed by Defendant were signed in Irvine, California, any documents pertaining to the alleged breach could be expected to be found in Wisconsin and Northbrook, Illinois.  The parties have made no claims regarding the applicability of each forum's substantive laws.  Convenience factors, therefore, weigh in favor of a transfer to Wisconsin.

### B. Interest of Justice

Relevant, and somewhat overlapping, factors implicating the interest of justice include,

> "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law."

*Orlando Magic Ltd., supra,* at 966 (citing *Terra Int'l, Inc.*, *supra*, at 696).  Additionally, *Anthony*

*Sterling, M.D. v. Provident Life and Acc. Ins. Co.*, 519 F.Supp.2d 1195 (M.D.Fla. 2007) stated that the financial ability of the parties to bear the costs of a change is a factor to take into consideration.

In the case at hand, Defendant is an individual who is paying for the costs of her representation personally. Plaintiff is a corporation paying for the cost of litigation through corporate accounts. The party whose state of residence does not serve as the forum suffers additional travel costs both for themselves and, potentially, also for their attorneys. A corporation is better suited to bear this financial burden than an individual.

Although weight is accorded to the Plaintiff's choice of forum, this weight must be balanced against competing convenience and interest of justice factors. The parties have made no claims concerning their ability to enforce a judgment, obstacles to a fair trial, conflict of law, or local law. Based on the relevant factors, the balance between the convenience of the witnesses, the convenience of the parties, and the interests of justice weighs substantially in favor of a change of venue to Wisconsin.

## IV. OUTCOME

For the foregoing reasons, Defendant's motion is GRANTED. The Clerk shall serve this minute order on all parties to the action.